UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBINO INVESTMENTS, LLC and
MINTA ALBINO,

    Plaintiffs,

v.                                            Case No. 8:20-cv-1326-T-60JSS

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING "PLAINTIFFS' MOTION TO REMAND TO STATE COURT"

This matter is before the Court on "Plaintiffs' Motion to Remand to State Court," filed on June 30, 2020. (Doc. 13). Defendant responded in opposition on July 10, 2020. (Doc. 15). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background

At all relevant times, Plaintiffs Albino Investments, LLC and Minta Albino had insurance coverage pursuant to a property insurance policy with Defendant Geovera Specialty Insurance Company. The policy contains a $5,000.00 deductible and the maximum coverage under the policy is $264,000.00.

On or about September 27, 2019, the insured property was damaged in a fire. Following the loss, Plaintiffs filed a claim with Defendant. Defendant conducted an inspection, determined the total loss to be $213,175.19 and, after applying the

deductible, paid Plaintiffs $208,175.19. Plaintiffs conducted their own inspection and found the total damages to be in excess of the full value of the policy.

On May 12, 2020, Plaintiffs filed their claim against Defendant in state court seeking the full amount of benefits under the policy. Two days later, Plaintiffs filed a Civil Remedy Notice with the Florida Department of Financial Services seeking relief of $290,400.00. On June 10, 2020, Defendant removed the case to this Court. The following day, Plaintiffs sent Defendant a settlement demand seeking $84,900.00: $70,000.00 for damages and $14,900.00 in attorney's fees.

## Legal Standard

28 U.S.C. § 1441(a) allows a defendant to remove a civil action to federal court when the case is within the federal court's original jurisdiction. Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant must establish federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to the propriety of removal must be resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).[1]

## Analysis

Under 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over all civil actions where the (1) parties are completely diverse and (2) the amount in controversy exceeds $75,000.00. Here, Plaintiffs seek the full value of the benefits

---

[1] Fifth Circuit cases decided before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

due under their insurance policy, plus statutory attorney's fees under § 627.428, *F.S.*

In determining the value of an insured's breach of contract claim, the Court must exclude from the calculation any amount the insurer has already paid under the policy. *Jackson v. St. Judge Med. Neuromodulation Div.*, 62 F. Supp. 3d 1343, 1347 (M.D. Fla. 2014) (quoting *Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988, 992-93 (N.D. Okla. 2014)). The maximum coverage under the policy is $264,000.00, but Defendant already paid Plaintiffs $208,175.19. Therefore, the amount in controversy under the policy in this case is $55,824.81.

The Court also may consider attorney's fees. However, "most courts have held that only attorney fees up to the time of removal are included in the amount in controversy." *Mavromatis v. Geovera Spec. Ins. Co.*, No. 8:18-cv-2146-T-60AEP, 2019 WL 3543707, at *2 (M.D. Fla. Aug. 5, 2019) (quoting *Poudy v. Tex. Roadhouse Mgmt. Corp.*, No. 2:17-cv-715-FtM-99CM, 2018 WL 495343, at *3 (M.D. Fla. Jan. 22, 2018)). Plaintiffs' settlement demand sought $14,900.00 in attorney's fees. Even including the full value of the claimed attorney's fees in the settlement demand, the amount in controversy is only $70,721.81, which remains below the jurisdictional threshold.

Lastly, Defendant asks the Court to consider the CRN and the settlement demand as a whole, both of which seek relief in excess of the $75,000.00 jurisdictional threshold. However, these documents appear to include the possibility of future speculative damages such as a potential future attorney's fees

and a possible bad faith claim.  Since "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later," the Court declines to consider the CRN or the settlement demand in this case.[2]  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009)).  Consequently, the Court finds that the amount in controversy in this case is below $75,000.00 and this case is due to be remanded.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiffs' Motion to Remand to State Court" (Doc. 13) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

3. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of July, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court may consider the potential value of future damages, such as a non-ripe bad faith claim, only where it is already apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional threshold.  *See, e.g., Williams v. LM Gen. Ins. Co.*, 387 F. Supp. 3d 1366, 1370 n.5 (M.D. Fla. 2019).  That is not the case here.